FILED
United States Court of Appeals
Tenth Circuit

April 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ABRAHAM ADKINS,

      Petitioner-Appellant,

v.

STEPHEN N. SIX, Attorney General
for the State of Kansas,

      Respondent-Appellee.

No. 08-3250

(D.C. No. 07-CV-3211-JTM)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Abraham Adkins, a former Kansas state prisoner proceeding pro se,

requests a certificate of appealability ("COA") to appeal the district court's denial

of his 28 U.S.C. § 2254 habeas petition.[1]  We deny a COA and dismiss this

matter.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] The fact that Adkins is no longer in custody does not moot his petition
because he was in custody at the time of filing.  See Spencer v. Kemna, 523 U.S.
1, 7 (1998) (holding the custody requirement in the habeas statute only requires
that the petitioner be in custody at the time the petition was filed).

I

On June 6, 2001, Kansas City, Kansas police stopped a car in which Adkins was a passenger. Although the driver consented to a search of the car, Adkins refused to get out of the car. After police removed Adkins from the car, an officer discovered some bags on the car seat where Adkins was sitting. The bags contained substances that tests would later identify as marijuana and cocaine.

Adkins was charged with possession of marijuana and cocaine in violation of Kansas law. A jury convicted Adkins on both charges. The state court sentenced Adkins to 52 months' incarceration on the cocaine charge and 12 months' incarceration for the marijuana charge. The sentences ran concurrently.

Adkins appealed his state conviction, challenging the instructions the court gave to the jury and the sufficiency of the evidence. On June 6, 2003, the Kansas Court of Appeals affirmed his conviction on both counts, noting that the possession instruction given to the jury was, and remained, an accurate statement of Kansas law. On September 23, 2003, the Kansas Supreme Court denied Adkins' petition for review.

On March 19, 2004, Adkins filed an application for state post-conviction relief. Adkins advanced three arguments: (1) counsel provided ineffective assistance by failing to object to the possession instruction; (2) counsel provided ineffective assistance because Adkins was intoxicated and unable to make sound judgments regarding his defense; and (3) the trial court erred by failing to give a

proper possession instruction. The state district court denied Adkins' petition on April 22, 2005. Adkins abandoned his intoxication claim, but appealed the state district court's denial of the remainder of his claims. On November 3, 2006, the Kansas Court of Appeals held that Adkins could not establish ineffective assistance of counsel because Adkins' counsel did not perform below a reasonably objective standard, again noting that the possession instruction given to the jury was, and remained, an accurate statement of Kansas law. The Kansas Court of Appeals also rejected Adkins' ineffective assistance claims because Adkins could not show prejudice. The Kansas Supreme Court denied his petition for review on February 13, 2007.

On August 16, 2007, Adkins filed a pro se petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Adkins' petition identified three grounds for relief: (1) the trial court clearly erred by failing to instruct the jury properly on "possession," "constructive possession," and "nonexclusive possession"—R. Vol. I, Doc. 1 at 6; (2) the Kansas Court of Appeals erred by finding that Adkins could not show prejudice; and (3) his counsel was ineffective for not requesting a proper possession instruction.

On August 27, 2008, the district court denied Adkins' petition. On September 8, 2008, Adkins filed a notice of appeal. Adkins was paroled the next day, September 9, 2008. On October 31, 2008, Adkins filed a motion for issuance of a COA.

3

## II

Issuance of a COA is jurisdictional.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

## III

Adkins seeks a COA with respect to four issues related to the challenged jury instructions.  First, Adkins argues that his counsel was ineffective by failing to inform Adkins of the right to object to the possession instruction.  Second, Adkins asserts that counsel's failure to object to the possession instruction indicates ineffective assistance of counsel and structural error.  Third, Adkins argues that the trial court erred by giving the possession instruction.  Fourth, Adkins argues that the trial court also erred by failing to properly define possession in the jury instructions.

After reviewing the record, we conclude that Adkins' arguments fail to

satisfy the standards for issuance of a COA. Claims of erroneous jury instructions can result in the setting aside of a state conviction on habeas review only if "the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense, or is otherwise constitutionally objectionable as, for example, by transgressing the constitutionally rooted presumption of innocence." Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir. 1979) (internal citations omitted). Here, the challenged jury instruction stated, "As used in these instructions 'possession' means: Having control over a place or thing with knowledge of and the intent to have such control." R. Vol. V at 81. The Kansas Court of Appeals found that this jury instruction accurately stated applicable law. No reasonable jurist could disagree.

This conclusion also resolves the ineffective assistance of counsel arguments. As the district court properly noted, for Adkins to be entitled to habeas relief, he must show that the state courts' determinations regarding counsel's effectiveness were contrary to or unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984). In this context, the Kansas Court of Appeals applied the Kansas Supreme Court's adoption of the Strickland two-pronged standard in Chamberlain v. State, 694 P.2d 468, 475 (Kan. 1985). Under this framework, Adkins must show that "counsel's representation fell below an objective standard of reasonableness" and that there is "a reasonable probability [that] the decision challenged would have been different had he received effective

5

assistance." <u>Chamberlain</u>, 694 P.2d at 473–74 (citing <u>Strickland</u>, 466 U.S. at 690, 695). The Kansas Court of Appeals determined that because the jury instruction was proper, Adkins could not show that his counsel's performance was below a reasonably objective standard or that counsel's performance prejudiced his defense. No reasonable jurist could conclude that Adkins was denied his right to effective assistance of counsel.

IV

The application for COA is denied and the matter is dismissed.


Entered for the Court


Mary Beck Briscoe
Circuit Judge